OPINION OF THE COURT
Eugene M. Hanofee, J.
This custody proceeding was initiated by order to show cause and petition by the natural father seeking custody of the couple’s four-year-old son. The petition alleges and the papers and certified copies of the court orders submitted show *935 a divorce proceeding involving custody is pending in California.
Although the couple was married in New York and resided here for some time, the child has resided with his mother in California since May, 1978, making California the "home State” of the child (Domestic Relations Law, § 75-c, subd 5). An order of custody was entered in California on January 26, 1979, giving the mother custody of the child and allowing the father visitation for a period of four weeks in New York, after which the child was to be returned at the father’s expense.
It is not disputed that the father has failed to return the child in accordance with the order and stipulation. The court could decline jurisdiction on that basis alone under section 75-i of the Domestic Relations Law.
It appears from the certified copy of the order of the Superior Court of California, Los Angeles County, that the matter is pending.
Section 75-g of the Domestic Relations Law prohibits the court from exercising its jurisdiction in such instances. The court need not direct an inquiry to California under subdivision 2 of section 75-g of the Domestic Relations Law since it has certified copies of the order in its possession.
In addition, section 75-d of the Domestic Relations Law provides no basis for jurisdiction. This is not the child’s home State. The child is not abandoned or in need of emergency care. The parties have personally submitted to the jurisdiction of the California court, and, although the father is connected to New York, there is no showing that it is in the best interest of the child for this court to divest the California court of jurisdiction.
Assuming that the foregoing did not prohibit the court from taking jurisdiction, a court of this State cannot modify a decree of another State unless it appears that such State does not have jurisdiction or has declined jurisdiction (Domestic Relations Law, § 75-o, subd 1). It is clear California has personal jurisdiction, has made a determination under subdivision 2 of section 75-c of the Domestic Relations Law of custody and is continuing to exercise such jurisdiction.
The petition is therefore dismissed under the provisions of article 5-A of the Domestic Relations Law, Uniform Child Custody Jurisdiction Act.