OPINION OF THE COURT
WlLMER J. PATLOW, J.
Plaintiff Richard J. Jefferson seeks to modify a separation agreement entered into with his former wife, the defendant Sharon L. Downs, which granted custody of the couple’s three minor children to defendant.
*853 The issue before the court is whether it has jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A, § 75-a et seq.) to entertain plaintiff’s application.
The parties were married in Rochester, New York, on July 22, 1967 and subsequently resided in this State as husband and wife. The three children were born in New York State during the course of the marriage, on June 25, 1968, September 29, 1970 and March 29, 1975.
The parties entered into a separation agreement in this State on July 28, 1978. The separation agreement was incorporated into, but survived, a New York State decree of divorce granted September 14, 1978.
Shortly after the divorce was granted, defendant moved to Florida with the children where, in March, 1979, she remarried.
Currently there is some indication in the record before this court that defendant and her new husband intend to move to Utah or elsewhere because of the husband’s occupation.
Following defendant’s removal to Florida and remarriage, problems arose between plaintiff and defendant regarding visitation.
By order to show cause dated January 15, 1980, return* able February 22, 1980 at a Special Term of the New York State Supreme Court, plaintiff sought, inter alla, to change the custody provisions of the separation agree* ment so as to award custody to himself. In response, by order to show cause dated February 17, 1980, defendant sought, inter alla, to eliminate or severely restrict plaintiff’s visitation rights.
The matter was heard by the Honorable Justice John J. Conway who on April 3, 1980 ordered a social investigation to be performed in Rochester, further ordered that upon completion of the investigation a custody hearing be held, and additionally ordered that the plaintiff be permitted visitation with his children when they were in Rochester for the purposes of such investigation.
Subsequently, by order of July 10, 1980, the same court directed that a Florida home study investigation be ob *854 tained, and further ordered that plaintiff be permitted a six-week summer visitation period with his children.
The local social investigation and the Florida home study are now complete, and are available to this court to aid it in a custody determination.
Plaintiff’s instant application seeks, inter alla, to hold defendant in contempt of court for violation of the visitation provisions of Justice Conway’s April 3, 1980 order.
In response, defendant’s attorney raises for the first time the issue of lack of jurisdiction under the Uniform Child Custody Jurisdiction Act, inasmuch as Florida is now the home State of the children.
Although plaintiff strenuously argues that defendant’s jurisdictional objection is untimely, the court finds that defendant has not waived this objection, since a motion to dismiss for lack of subject matter jurisdiction may be made at any time (CPLR 3211, subd [a], par 2; subd [e]).
The statutory provisions relevant to the jurisdictional issue are found in section 75-d of the Domestic Relations Law which provides in pertinent part:
“§ 75-d. Jurisdiction to make child custody determinations
“1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when:
“(a) this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child’s home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is *855 within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships ***
“3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody”.
It is clear that Florida was the children’s “home state” as defined by statute at the time this proceeding was commenced by order to show cause dated January 15, 1980, inasmuch as the children had resided in Florida for six consecutive months at that time (see Domestic Relations Law, § 75-c, subd 5). Therefore, Florida would have had jurisdiction to entertain plaintiff’s application at that time pursuant to section 75-d (subd 1, par [a], cl [i]) of the Domestic Relations Law as set forth above, and will continue to have jurisdiction so long as the children reside in Florida.
The court concludes, however, that New York State also had jurisdiction at the time of the commencement of this proceeding, and continues to have jurisdiction, by virtue of section 75-d (subd 1, par [b]) of the Domestic Relations Law.
The court finds that the children have a significant connection to New York State in that all three were born here and lived here for a number of years, the eldest child, now 12, for approximately 10 years.
Both parents have a significant connection to New York State in that they resided here as husband and wife, and both have relatives who continue to reside in the Rochester, New York, area. The plaintiff has an even greater connection to New York State than the defendant in that he continues to live and work here, and it is here, at the home of his parents, that he proposes to bring his children in the event he is awarded custody.
Of utmost significance is the fact that New York State made the original custody determination. As was recently stated in a case where the original divorce decree awarding custody was made in New York: “The courts of other States where the act [Uniform Child Custody Jurisdiction Act] has been in effect for some time construe it to retain the principle of continuing jurisdiction unless contact *856 with the child has virtually ceased, and even when another State has become the home State [citations omitted]” (Matter of William L. v Michell P., 99 Misc 2d 346, 351).
The children and their mother have returned to Rochester, New York, on several occasions for purposes of visitation, which suggests that their ties to this State were not completely severed by moving to Florida.
Finally, the court notes that there is substantial evidence within this jurisdiction, including the two completed social investigations, concerning the children’s welfare and status.
Having determined that New York State has jurisdiction to consider this custody matter, the court must now consider the question of whether jurisdiction should be declined on the grounds of forum non conveniens.
A court which does have jurisdiction is empowered under section 75-h of the Domestic Relations Law to decline to exercise it if it finds “it is an inconvenient forum” and “a court of another state is a more appropriate forum”.
It is unclear whether defendant intends to remain in Florida with the children, but even should she do so, it cannot be said on the facts of this case that Florida has a closer connection with the children than New York, or that substantial evidence concerning the children is more readily available in Florida than in New York. It follows that Utah or any other State to which the defendant and the children may relocate would have even less claim to being the appropriate forum.
Inasmuch as the court cannot find another State which would be a more appropriate forum for the determination of the custody issue raised here than the State of New York, the court will not decline jurisdiction on the basis of forum non conveniens.
To summarize the above, the court has determined that New York State has jurisdiction and that New York State is not an inconvenient forum, all in accordance with the Uniform Child Custody Jurisdiction Act.