OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a child custody proceeding, brought pursuant to article 6 of the Family Court Act, in which petitioner seeks to modify a child custody determination made by an Illinois court. The proceeding is governed by the Uniform Child Custody Jurisdiction Act (UCCJA) adopted by New York as article 5-A of the Domestic Relations Law, and the Parental Kidnaping Prevention Act (PKPA; US Code, tit 28, § 1738A).
The parties are the divorced parents of three children, including Rhonda Dae Durley, born March 22,1977, who is the subject of this proceeding. The parties were divorced by a judgment for dissolution of marriage of the Circuit Court of Illinois, filed October 26, 1979. Expressly incorporated in the judgment was an oral agreement between the parties, which, in pertinent .part, provided that the parties have “the joint care, custody, control and education of the parties’ minor children”.
*70 With respect to the child, Rhonda Dae Durley, the judgment further provided:
“Until such time as Rhonda Dae Durley shall reach school age, the wife [petitioner] shall have physical possession of rhonda dae for nine months during the year and the husband [respondent] shall have physical possession of rhonda dae for three consecutive months during the year * * * Upon rhonda dae being eligible to attend public school, the physical possession of said child shall be determined by agreement of the parties, or a court of competent jurisdiction.”
The judgment further provided that the Illinois court retained jurisdiction over enforcement of the judgment.
“n. The Court shall retain jurisdiction over the subject matter herein and over the parties hereto for purposes of enforcing the terms and provisions of the agreement.”
Petitioner commenced this proceeding, by order to show cause, in which she requests that this court modify the judgment for dissolution of marriage, by granting her sole and exclusive custody of Rhonda Dae.
She contends that this court has jurisdiction over the proceeding by virtue of section 75-d (subd 1, par [a]) of the Domestic Relations Law because the child has resided in New York State for a period in excess of six months, making New York the child’s home State as defined in section 75-c of the Domestic Relations Law.
Respondent has moved to dismiss the proceeding and have the matter transferred to the Circuit Court of Illinois. He contends that this court is proscribed by the PKPA from modifying the custody determination of the Illinois court. He further contends that the child was only present in New York when the order to show cause was obtained because the petitioner failed to comply with the provisions of the judgment which would have given him physical “possession” of Rhonda during 1982, and, therefore, New York is not the child’s home State under section 75-d of the Domestic Relations Law.
*71 The court, after having reserved decision, now decides respondent’s motion.
After their marriage in 1965, the parties resided in various States until they finally settled in Illinois, where Rhonda Dae was born. Marital difficulties ensued, and the parties separated in 1978. Petitioner then returned to her parents’ home in Oneida County, New York, where she has resided ever since.
Thereafter, the child alternately resided in both New York and Illinois. She last resided in Illinois in October, 1980, after which she has resided with petitioner in New York.
Petitioner contends that the child’s residence in New York State for a period in excess of six months, when the proceeding was commenced, gives this court jurisdiction to determine the child’s custody under the UCCJA.
However, the mere residence for more than six months in this State of a child who has been the subject of a custody proceeding in another State is not a sufficient basis for this court to exercise jurisdiction over the proceeding. In recent years, legislation has been enacted to avoid competition between States involving jurisdiction of child custody, shifting of children from State to State, and having custody determinations being made by several courts. This has limited the courts’ power to modify custody determinations of other States.
In 1977, the New York State Legislature adopted the UCCJA. In 1980, Congress adopted the PKPA, entitled, “Full faith and credit given to child custody determinations”. The PKPA, which applies to all courts of the United States, severely limits the power of a court of one State to modify the child custody determination made by another State. That section begins:
“The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.” (US Code, tit 28, § 1738A, subd [a]; emphasis supplied.)
*72 Therefore, this court may not modify the child custody provision of the parties’ Illinois judgment for dissolution of marriage, unless the exception in subdivision (f) applies.
Subdivision (f) provides:
“A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
“(1) it has jurisdiction to make such a child custody determination; and
“(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.”
Thus, this court may modify the custody provision in the Illinois judgment only if the requirements of both paragraphs (1) and (2) of subdivision (f) are met.
The requirement of paragraph (1) above refers to the subject matter jurisdiction of the court to make a child custody order. Since in New York State, Family Court has jurisdiction to make a child custody order, that requirement is met. We turn next to the requirement set forth in paragraph (2) above.
Paragraph (2) of subdivision (f) contains two provisions, either of which, if met, will remove the proceeding from the purview of the proscriptions, of the PKPA and will allow this court to modify the Illinois judgment. However, if neither provision is met, then this court may not modify the Illinois judgment.
We first determine whether the Illinois court continues to have jurisdiction of the custody of Rhonda Dae.
Subdivision (d) provides the requirements which must be met for a court, which has made a custody determination, to continue to have jurisdiction over that child’s custody. That subdivision provides:
“The jurisdiction of a court of a State which has made a child custody determination * * * continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant.” (Emphasis supplied.)
*73 Therefore, the two conditions which must be met for the Illinois court to have jurisdiction over the custody of Rhonda Dae are:
(1) The requirements of paragraph (1) of subdivision (c) continue to be met; and
(2) The child or a contestant is a resident of Illinois.
Paragraph (1) of subdivision (c) requires that the Illinois court continue to have subject matter jurisdiction over custody proceedings. This requirement continues to be met.
Turning to the second of the two-prong requirements of subdivision (d), we must determine whether any contestant remains a resident of Illinois. It is undisputed that respondent resides in Illinois. We next determine whether respondent is a contestant, as that term is defined in the statute.
Pursuant to subdivision (b), “ ‘contestant’ means a person, including a parent, who claims a right to custody or visitation of a child”.
Since it is undisputed that respondent has joint custody of Rhonda, he is a contestant. Since a contestant still resides in Illinois, Illinois continues to have jurisdiction of the child’s custody and we may not entertain the proceeding unless Illinois has declined to exercise jurisdiction to modify its custody determination.
On July 6, 1982, we communicated with the Circuit Court of Illinois which rendered the judgment for dissolution of marriage. On November 15, 1982, we received a reply from a Judge of that court, indicating that upon review of the judgment for dissolution of marriage, the custody proceeding in this court and the UCCJA, that court would be willing to accept jurisdiction to modify the custody provision of the judgment with respect to Rhonda Dae.
Therefore, since the Illinois court continues to have jurisdiction over the custody of Rhonda Dae, and is willing to exercise that jurisdiction, this court is proscribed by PKPA from entertaining petitioner’s request to modify the divorce decree.
*74 We are informed that respondent has filed a petition for modification in the Illinois court in which petitioner may appear and seek whatever relief she deems appropriate.
The petition is accordingly dismissed.