■ WIDAD BOUTROS, Appellant, v ELIA BOUTROS, Respondent. — In a matrimonial action, plaintiff wife appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated February 24, 1983, which, upon defendant husband's motions, dismissed the action without prejudice to renew in Australia.

Case remitted to Special Term to hear and report forthwith on the following matters: (1) whether the court had in personam jurisdiction over defendant; (2) whether the allegations pursuant to subdivision 1 of section 230 of the Domestic Relations Law in plaintiff's complaint are true; (3) whether the courts of this State should exercise their jurisdiction pursuant to section 75-d of the Domestic Relations Law to make a child custody determination; and (4) whether the exercise of such jurisdiction should be declined on the basis of plaintiff's conduct pursuant to the "unclean hands" provision of the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law, § 75-i, subd 1); the appeal is held in abeyance in the interim. Special Term is directed to file its report with all convenient speed.

The following facts are undisputed. Plaintiff was born in Damascus in 1947, and is a naturalized Australian citizen, as is defendant, who was born in Egypt in 1940. The parties were married in New York. There were two children born of the marriage: Mona, born in New York in April, 1973, and Ann, born in Australia in March, 1977. Both children are Australian citizens.

By verified complaint dated June 5, 1982, plaintiff commenced the instant action for divorce on the ground of abandonment, and sought custody of the children, support and equitable distribution. In her complaint, and subsequently filed amended complaint, plaintiff claimed the marital residence was in Kings County, New York, and that she has been living at 8303 Fourth Avenue, for a continuous period of at least one year prior to the commencement of this action. The defendant questioned the plaintiff's residence, contending that she was not listed in the telephone directory and the address appears to be that of her sister, who claimed plaintiff is rarely there. The appendix to defendant's brief contains an affidavit of attempted service of process in the Australian proceeding supporting his allegation that plaintiff is rarely at the residence in question.

Subsequently, on or about August 25, 1982, defendant commenced a proceeding in Family Court of Australia at Melbourne for divorce, custody, support and equitable distribution. In his affidavit submitted in that matter, he stated that he was defending the instant action in New York and totally denied the allegations set forth in his wife's complaint, particularly the allegations that he had abandoned her. The application was set down for a hearing on November 8, 1982. However, plaintiff was not served by substituted service in that matter until November 1, 1982.

In a motion returnable on October 14, 1982, in the Supreme Court, Kings County, defendant sought, *inter alia,* (1) to dismiss plaintiff's action, (2) summary judgment, (3) to "[b]ifurcate and [r]efer to Australia issues of Custody/support/[and] property", (4) disclosure of the children's location, and/or (5) to compel the wife to accept Australian service. In defendant's attorney's affirmation, submitted in support of the motion, he argued, *inter alia,* that the action must be dismissed for lack of jurisdiction of defendant in that no proof of service on him had ever been presented or filed with the court.

Prior to the return date of defendant's motion, plaintiff served an amended complaint dated September 23, 1982, repeating the first cause of action for abandonment and adding a second cause

of action for cruel and inhuman treatment of plaintiff by defendant. Defendant then brought a second motion to dismiss based on the amended complaint, and also requested that both motions to dismiss be consolidated.

On November 8, 1982, upon the default of the plaintiff in the Australia Family Court proceeding, the defendant was awarded custody of the children and plaintiff was directed to deliver the children to the defendant.

Special Term conducted a hearing on defendant's motions on December 9, 1982, and held that it had no jurisdiction. The court noted that one child was born in Australia and the other was a naturalized Australian citizen. By order dated February 24, 1983, Special Term dismissed plaintiff's action without prejudice to renew in Australia.

Defendant now argues that plaintiff has introduced no proof of proper service in response to his motions to dismiss the instant action. In her affirmation in opposition to defendant's motion to dismiss, plaintiff claimed defendant was served by Maxwell Charles Quartermain, a county bailiff of Melbourne, Australia, on July 19, 1982, at 3:00 P.M. No affidavit of service, however, was included in the record. Inasmuch as Special Term did not make a finding as to personal jurisdiction over defendant, we remit for a determination on this issue.

Plaintiff argues, however, that she and her two children have resided in New York for more than one continuous year immediately preceding the commencement of this action, and accordingly, has complied with subdivision 1 of section 230 of the Domestic Relations Law. Therefore, the court has jurisdiction over the custody issue.

It is undisputed that the parties were married in New York. Further, Special Term apparently found that plaintiff and the children resided in New York for 18 months prior to commencing the action. Based on plaintiff's testimony indicating an 18-month period of residence, we find that New York would be the home State of the children as defined in subdivision 5 of section 75-c of the Domestic Relations Law for purposes of acquiring jurisdiction to determine custody pursuant to section 75-d (subd 1, par [b]) of the Domestic Relations Law.

As the Court of Appeals held in *Vanneck v Vanneck* (49 NY2d 602, 608-609), in a divorce proceeding seeking a child custody determination, the court should inquire into the weight to be accorded to the provisions of the UCCJA. After determining that a jurisdictional predicate exists in the forum State, the court must next decide whether to exercise this jurisdiction. Applying

the UCCJA to the case at bar, pursuant to section 75-d (subd 1, par [a]) of the Domestic Relations Law and according to its findings, Special Term had subject matter jurisdiction. New York State was the home State of the children at the time the custody proceeding had commenced, the children having resided with their mother in New York for 18 months. Therefore, it appears that, with respect to custody, Special Term incorrectly found that it had no jurisdiction at all. Whether the court, in its discretion, should refuse to exercise subject matter jurisdiction depends on a balancing of certain factors, particularly those concerning the interests of the children. The record is insufficient for this court to now determine that issue.

In light of defendant's claim that plaintiff absconded with the parties' two children, Special Term may decline jurisdiction pursuant to subdivision 1 of section 75-i of the Domestic Relations Law, which provides:

"§ 75-i. Jurisdiction declined because of conduct

"1. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances."

Accordingly, we remit to Special Term for a hearing on the issues mentioned above. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.