■ In the Matter of Randy A. Noguera, Respondent, v Katherine J. Noguera, Appellant.—Levine, J. Appeal from an order of the Family Court of Ulster County (Feeney, Jr., J.), entered October 11, 1985, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of Tabitha Anne Noguera.

The parties' marriage of some six years was formally ended by a judgment of divorce entered in Ulster County in March 1983. The divorce decree incorporated a January 1983 stipulation providing, inter alia, for respondent's custody of the sole issue of the marriage, Tabitha, then four years of age, with

liberal visitation for petitioner. In February 1983 respondent relocated to New Jersey with Tabitha. Petitioner had visitation with the child in New York for 1 to 2 weeks per month thereafter and in September 1983 respondent returned Tabitha to petitioner's residence in New York where she was registered in and attended kindergarten classes. The intended nature and permanency of this visit was disputed by the parties and in November 1983 respondent requested that Tabitha be returned to New Jersey. Petitioner refused to do so and commenced the instant proceeding seeking custody of the child. Respondent cross-moved for custody and the parties entered into a stipulation without prejudice granting petitioner custody pending Family Court's resolution of the matter. After a hearing Family Court granted custody to petitioner with liberal visitation for respondent.

On appeal respondent contends that Family Court abused its discretion in modifying the parties' prior custody arrangement, as set forth in the January 1983 stipulation incorporated into the divorce decree, and that Family Court lacked subject matter jurisdiction over the proceeding. We disagree with each of these contentions.

In considering the issue of custody Family Court was obligated to determine the best interest of the child under the totality of the circumstances (Domestic Relations Law §§ 70, 240). A number of factors must be weighed in making a custody award, but no single factor is determinative *(Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). Thus, the parties' prior agreement granting custody to respondent was of significance *(supra)* but, contrary to respondent's assertion, was not to be given great weight since it was based upon a stipulation rather than a determination of the child's best interest after a full plenary hearing *(see, Friederwitzer v Friederwitzer, supra,* at 94-95) and was of relatively short (seven months) duration *(see, Matter of Auffhammer v Auffhammer,* 101 AD2d 929, 930). Moreover, Family Court credited petitioner's testimony that respondent brought Tabitha to live with petitioner in New York so that she could attend kindergarten and that a somewhat permanent situation, at least for the entire school year, was intended. Thus the parties had by their own acts significantly modified their agreement on custody.

There was more than sufficient evidence presented at the hearing to support Family Court's determination that it was in Tabitha's best interest to award custody to petitioner. The court found that respondent did not offer Tabitha a stable

environment, relative to that offered by petitioner. Respondent had been married four times and often changed residence. Her financial status at the time of the hearing was not secure, and she and her current husband were living with friends, as guests, due to their inability to afford an apartment. Additionally, although respondent had been awarded custody of two children by a prior marriage, she had never actually exercised her right to custody, maintained minimal contact with and rarely saw those children. Also of significance, respondent's current husband was not called as a witness and Family Court was not given the opportunity to evaluate his character or to question him regarding his criminal record (see, Eschbach v Eschbach, supra, at 173). In contrast, petitioner had strong ties to his community, his current wife was a homemaker who attended to Tabitha's daily needs while petitioner was at work, and Tabitha expressed a desire to remain with petitioner. The court also considered the negative aspects of petitioner's background, specifically, his intermittent problems with alcohol, but concluded that petitioner offered Tabitha a more secure and stable environment than did respondent. That finding must be accorded great respect, given Family Court's ability to directly assess the character, credibility and sincerity of the parties involved (supra; Ira K. v Frances K., 115 AD2d 699).

We are not persuaded by respondent's contention that Family Court lacked subject matter jurisdiction to determine the instant custody proceeding. The applicable Federal statutory provision, the Parental Kidnaping Prevention Act (28 USC § 1738A), preempts State Law regarding jurisdiction in child custody proceedings between residents of different States Matter of Mebert v Mebert, 111 Misc 2d 500, 508) and provides for jurisdiction where (1) State law grants jurisdiction to the State courts (28 USC § 1738A [c] [1]) and (2) a State court has previously made a custody determination and that State remains the residence of the child or of either party (28 USC § 1738A [c] [2] [E]; [d]). It was not contested that petitioner was a resident of New York at the time of the hearing and that a New York court had previously made a custody award regarding this matter, i.e., this State's Supreme Court, in granting the divorce, incorporated into the decree the custody provisions of the parties' stipulation. Accordingly, Family Court had jurisdiction under 28 USC § 1738A if it had jurisdiction under New York law, and we are persuaded that it did.

Domestic Relations Law § 75-d grants jurisdiction to New York courts in child custody matters where, inter alia, it is in

the best interest of the child because (1) the child and at least one party to the custody proceeding have a significant connection with New York and (2) there is substantial evidence within New York concerning the child's present and future care, protection, training, and personal relationships (Domestic Relations Law § 75-d [1] [b]). Given that Tabitha lived in New York exclusively from 1979 until the time of the hearing, with the exception of 2 to 3 weeks spent each month with respondent in New Jersey between February 1983 and September 1983, and that New York had also been petitioner's residence continuously from 1979, the first criterion of significant connections with New York was met. Likewise, as a result of the foregoing long-term contacts, in conjunction with Tabitha's attendance in a New York school and her relationship with peers, relatives and other caretakers, substantial evidence relative to the custody proceeding was located in New York. Accordingly, Family Court properly exercised subject matter jurisdiction and its order must be affirmed.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.