OPINION OF THE COURT
Howard Spitz, J.
In this proceeding, on May 5, 1989, a petition was filed by *166 the father of two infant children alleging a violation of a visitation order of this court. On May 16, 1989, he filed a petition seeking a writ of habeas corpus, directing respondent to produce the two infant children, to wit, Maria and Jesus A. Petitioner also seeks custody of the children. Respondent mother did not personally appear on the return date of the writ nor produce the children as ordered by this court, but an attorney on her behalf filed a special appearance in opposition to the writ.
Petitioner alleges that respondent violated the order of visitation of this court, entered on September 16, 1988, in that she took the children to Puerto Rico in September 1988, without his consent and without providing for his right of visitation. Respondent alleges that this court lacks jurisdiction to determine this matter pursuant to the Parental Kidnaping Prevention Act (PKPA; 28 USC § 1738A) as Puerto Rico is the “home State” of respondent and the children. Additionally, counsel states that respondent mother has filed for divorce in Puerto Rico, therefore, respondent requests that the petition for custody and the writ be dismissed. An inquest was held in this matter.
Petitioner and respondent were married in Yonkers, New York, on May 23, 1986. The two children who are the subjects of these proceedings were born prior to said marriage. Both children were born in Yonkers, New York. Maria was born on May 2, 1983, and Jesus was born on April 14, 1985. On August 8, 1988, based upon a petition filed by the father and on consent of respondent, this court granted him visitation with the two children every Saturday and Sunday between 1:00 to 8:00 p.m. The visitation order was entered on September 16, 1988. On September 12, 1988, respondent sent a letter to the court which stated that she intended to move to Puerto Rico with the children. However, petitioner did not receive a copy of this letter until the commencement of this proceeding.
Petitioner testified that after the court ordered visitation in August 1988, he visited with the children on a number of occasions. In September 1988, when he went to exercise his weekly visitation with the children, he learned that respondent and the children had moved without notifying him. He ascertained from a neighborhood child that they had moved to Puerto Rico, and after searching for a few months, was able to ascertain their whereabouts. During Thanksgiving 1988, he went to Puerto Rico and saw his children. On two occasions shortly after he returned to New York where he is employed, *167 respondent went to the offices of the Probation Department seeking assistance regarding his children. He was told that since his wife and children were in Puerto Rico, he had to file papers there and not in Yonkers. When petitioner was able to save some money, he retained counsel and these proceedings ensued. It is noted that respondent has traveled to Puerto Rico on two other occasions to see his children. However, he does not have the financial resources to regularly travel there to see the children.
During the entire period since the birth of the children, petitioner has continuously resided in Yonkers, and worked in New York. His children also lived in Yonkers for their entire lives until their removal by respondent in September 1988. While the family lived in Yonkers, the children’s doctor was located there. Both children also had friends here, but were too young to attend school.
Respondent alleges in her papers that she and the children have been residing in Puerto Rico since September 15, 1988, which period is in excess of six months, that Maria attends school there, and that Puerto Rico is the "home State” of the children. Therefore, this court does not have jurisdiction to entertain this matter. Respondent further alleges that this court does not have jurisdiction as a divorce proceeding was instituted by Mrs. A. in Puerto Rico in which she seeks a divorce, child support, and custody of the children. The summons in the divorce action is dated June 22, 1989.
The PKPA (28 USC § 1738A) requires that all States afford full faith and credit to, and not modify, valid child custody determinations entered by another State court. The Commonwealth of Puerto Rico is included as a "State” (28 USC § 1738A [b] [8]). The visitation order entered by this court is a "custody determination” within the meaning of the statute (28 USC § 1738A [b] [3]). It must therefore be afforded full faith and credit and should not be modified by the courts in Puerto Rico unless Puerto Rico has jurisdiction to make a custody determination and this court no longer retains jurisdiction, or has declined to exercise such jurisdiction to modify its prior order (28 USC § 1738A [¶] [1], [2]).
The PKPA provides that New York has jurisdiction to modify its prior custody determination if it has jurisdiction pursuant to its laws to make a custody determination (28 USC § 1738A [c] [1]), and New York has previously made a custody determination and remains the residence of the child or of *168 either party (28 USC § 1738A [c] [2] [E]; [d]). New York has jurisdiction pursuant to 28 USC § 1738A (d) if one of the contestants resides in this State. Therefore, the fact that New York is no longer the children’s "home State” since they have resided in another State for a period in excess of six months would not automatically preclude it from exercising jurisdiction (Matter’of Heitler v Hoosin, 143 AD2d 1018; Matter of Philip v Sharon, 137 Misc 2d 385; Jefferson v Downs, 107 Misc 2d 852).
New York has jurisdiction pursuant to its laws if the child and one contestant have a significant connection with New York and there is substantial evidence within the jurisdiction of the court concerning the child’s present or future care, protection, training and personal relationship pursuant to Domestic Relations Law § 75-d (1) (b) (Matter of Philip v Sharon, supra). The following are factors to be considered by the court in determining whether a significant connection exists: whether the original custody determination was made in New York (Matter of Heitler v Hoosin, supra; Matter of Philip v Sharon, supra; Walsh v Walsh, 117 Misc 2d 815); whether petitioner continues to reside in the State after respondent has left with the child(ren) (Matter of Heitler v Hoosin, supra; Jefferson v Downs, supra); whether petitioner continues to work in New York and intends to raise his children here if he receives custody (Jefferson v Downs, supra); whether the children were born in New York, and lived here for their entire lives until removal to another State (Matter of Heitler v Hoosin, supra); whether the children’s extended family resides in New York (Matter of Philip v Sharon, supra; Jefferson v Downs, supra); whether the parents have a significant connection to New York, to wit, were married here, resided here during the marriage and have relatives who continue to reside here (Matter of Heitler v Hoosin, supra; Jefferson v Downs, supra); whether the children’s medical and school records are in New York (Walsh v Walsh, supra); and whether the children have visited in New York since their removal to another State (Matter of Philip v Sharon, supra).
In the instant matter, at the time the petition was filed for visitation and when the court directed visitation between petitioner and his children, this court had jurisdiction as all parties resided in and were still present in New York. New York also has continuing jurisdiction as petitioner and the children have a significant connection to this State, to wit: the children were born in New York and resided here continu *169 ously from birth until their removal to Puerto Rico; petitioner would raise the children in New York if given custody; the parties were married in New York and lived here during the marriage; the children’s medical records are located here; and New York remains the residence of petitioner who also works here. Therefore, New York has continuing jurisdiction to modify its prior custody determination, which would foreclose Puerto Rico from exercising jurisdiction unless New York declines to exercise jurisdiction under 28 USC § 1738A (f) (2).
Among the factors to be considered by this court in determining whether to exercise jurisdiction is whether such action by New York would contravene the purposes of Domestic Relations Law article 5-A (see, Domestic Relations Law § 75-h [3] [e]; § 75-b). One of the stated purposes of the Uniform Child Custody Jurisdiction Act (UCCJA), as well as of the PKPA, is to deter the unilateral removal of children from this State by a parent to obtain a favorable custody award elsewhere. This court must also consider the fact that respondent flouted the order of this court and absconded to Puerto Rico almost before the ink was dry on the visitation order. To allow her to reap any benefit as a result of her actions and petitioner’s ignorance of the law in timely filing this proceeding would be inequitable. It is noted that respondent’s filing of the divorce proceeding in Puerto Rico subsequent to the filing of the petitions in the instant matter, which also seeks custody of the children, is an attempt to circumvent this court’s order. However, said divorce proceeding does not preempt this court from exercising jurisdiction (Domestic Relations Law § 75-g [1]).
The court must also consider whether, under the facts in this case, it should decline jurisdiction as it is not the more appropriate forum. The court has considered all the arguments in favor of and opposed to the exercise of jurisdiction, and determines that New York is the more appropriate forum for the determination of the custody of the children.
Accordingly, under all the circumstances here present, the court finds that it has jurisdiction to entertain petitioner’s custody and violation petitions.
Respondent did not appear with the children as directed in the writ of habeas corpus. The writ therefore has not been satisfied. Respondent has again disregarded an order of this court.
The matter is therefore scheduled for a fact-finding hearing *170 on September 25, 1989 at 10:00 a.m. A Law Guardian will be appointed for the children. Respondent is directed to appear before this court with Maria and Jesus A. on the scheduled date of the fact-finding hearing. If she again fails to appear with the children, a warrant will be issued for respondent’s arrest.
The clerk is directed to mail a copy of this decision to respondent; to Manuel De J. Gonzalez, who submitted papers to the court on behalf of respondent mother, and to the Tribunal Superior de Puerto Rico, Sala de San Juan, which court is requested to abstain from making any custody determination regarding Maria and Jesus A., which children are the subjects of this proceeding.