■ RICHARD GOODMAN, Appellant, v HARRIET E. GOODMAN, Respondent. [644 NYS2d 731]

The motion court properly exercised its discretion in denying plaintiff's belated recusal motion, having promptly and fully disclosed its prior relationships with the parties and knowledge of plaintiff's then pending criminal case, and having obtained the parties' informed consent to its continued involvement in the case. That the Justice has made decisions unfavorable to plaintiff hardly manifests conduct that "would lead a reasonable [person] knowing all the circumstances to harbor doubts about the [Judge's] impartiality" (*Scott v Brooklyn Hosp.*, 93 AD2d 577, 580).

In view of plaintiff's rather recent and severe psychological problems, based on which he was allowed to plead not responsible by reason of mental disease or defect to serious charges of violent criminal behavior (*People v Goodman*, 163 Misc 2d 167), including attempted murder in the second degree, we agree with the motion court that his visits with the children should remain supervised. While plaintiff may believe that his condition has improved enough to warrant unsupervised visits, neither his own opinion in that regard nor that of one doctor is sufficient to rebut the substantial expert findings to the contrary. The safer course, and thus, the one that serves the best interests of the children, is to continue with supervised visitation at this time. Nor was the court obliged to enforce the parties' agreement providing for unsupervised visits by plaintiff, regardless of whether it was entered into by defendant freely or under duress, and in disregard of its previous determination, made after extensive hearings, that the children's best interests required that plaintiff's visits with them be

supervised. Such an agreement affecting children is always subject to the supervisory role, and supervening power, of the court (*Agur v Agur*, 32 AD2d 16, 19-20, *appeal dismissed* 27 NY2d 643, 32 NY2d 705; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:22, at 630). We also agree with the motion court that plaintiff's mother, whose applications for visitation in her own right have been twice denied, would not be an appropriate supervisor of plaintiff's visits.

We have considered plaintiff's other arguments, including those concerning the garnishments of his income, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Williams, JJ.