█ In the Matter of Gregory J. Mott, as Guardian ad Litem for Sayeh M. R. and Another, Infants, Respondent, v Patricia Ann R., Now Known as Patricia Ann P., Appellant, and Ahmad R., Respondent. [653 NYS2d 760] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondents, Patricia Ann R. (now known as Patricia Ann P.) (mother) and Ahmad R. (father), were married in Florida in December 1980 and are the parents of a daughter and son, petitioners herein, both born in Florida. The marriage was terminated by a judgment of divorce issued by the Circuit Court for Escambia County, Florida, on January 3, 1986. The judgment of divorce provided for, *inter alia*, "shared responsibility" of the children and primary residence with the mother. The father subsequently moved to Monroe County, New York. The children and the mother remained in Florida. Thereafter, the judgment of divorce was modified by

an order of the Florida Circuit Court entered June 7, 1989. The order granted the father custody of the children in Monroe County, with reasonable visitation to the mother, including four weeks in the summer in Florida and one week during Christmas vacation. The children have resided continuously with the father in Monroe County since June 1989.

In December 1995 the mother brought a contempt proceeding against the father in the Florida Circuit Court, alleging that she was denied visitation with the children pursuant to the June 1989 order. The father was adjudicated in contempt of the June 1989 order by an order of the Florida Circuit Court entered May 28, 1996. The mother brought an emergency contempt proceeding in the Florida Circuit Court in June 1996 for the father's failure to comply with the May 1996 order. By order entered June 21, 1996, the father was adjudicated in contempt of the May 28, 1996 order. On June 21, 1996, the children commenced this proceeding in New York State Supreme Court, Monroe County, to modify the June 1989 order by deleting the provision that grants the mother visitation with the children for four weeks in Florida and by allowing the mother to have visitation with the children in Monroe County, New York as determined by the children. A temporary restraining order was entered prohibiting the removal of the children from Monroe County, New York.

The mother moved to dismiss the present proceeding on numerous grounds, including lack of subject matter jurisdiction. She also raised several procedural challenges. Supreme Court, *inter alia*, concluded that the New York courts have jurisdiction and directed a hearing on the petition. It rejected the mother's numerous procedural challenges.

The court properly rejected the mother's numerous procedural challenges and concluded that, under the Uniform Child Custody Jurisdiction Act (UCCJA), New York may validly exercise jurisdiction as the children's home State (*see*, Domestic Relations Law § 75-c [5]; § 75-d [1] [a]). The Parental Kidnaping Prevention Act (PKPA), however, which preempts the UCCJA under the Supremacy Clause of the United States Constitution (*see, Capobianco v Willis*, 171 AD2d 834, 835-836), requires the New York court to defer to the jurisdiction of the Florida courts. Under the PKPA, the New York court may not exercise jurisdiction to modify a Florida order unless the Florida court either no longer has jurisdiction or declines to exercise it (*see,* 28 USC § 1738A [f]). The PKPA provides that the State that issued an order of custody continues to have jurisdiction if it has jurisdiction under its own law and if one of

the contestants continues to reside in that State (*see*, 28 USC § 1738A [d]). Under Florida law, the Florida court continues to have jurisdiction and, as evidenced by its numerous orders, has not declined to exercise it (*see*, Fla Stat, ch 6, §§ 61.1308, 61.133; *Yurgel v Yurgel*, 572 So 2d 1327; *accord, Brown v Dehnert*, 672 So 2d 114 [Fla]; *Rohlfs v Rohlfs*, 666 So 2d 568 [Fla]). Thus, the court erred in failing to defer jurisdiction to the Florida court under the PKPA and in failing to dismiss the New York proceeding. Therefore, we modify the order by dismissing the petition in its entirety.

Lastly, we conclude that the court properly denied the mother's motion to enforce the May and June 1996 contempt orders of the Florida Circuit Court. There is no showing in the record that a certified copy of either order was entered in the Office of the Clerk of Supreme Court or Family Court (*see*, Domestic Relations Law § 75-p). Moreover, those orders are contempt orders, not "custody decrees" (*see*, Domestic Relations Law § 75-p). (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Custody.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ. [*See*, 172 Misc 2d 507.]