In the Matter of SAYEH R. and Another, Children Alleged to be Neglected. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PATRICIA ANN P., Respondent. [659 NYS2d 590] —Order unanimously affirmed without costs. Memorandum: Petitioner, Monroe County Department of Social Services, filed a petition in Monroe County Family Court alleging that Sayeh R. and Arash R. are neglected children within the meaning of article 10 of the Family Court Act and that respondent mother is chargeable with neglect. The petition was filed a week after a Florida court modified a prior visitation and custody order to grant custody to respondent, a Florida resident. This Court previously held that the courts of Florida, not New York, had jurisdiction to determine visitation and custody in this matter (*Matter of Mott v Rivazfar*, 236 AD2d 819).

Petitioner appeals from an order of Family Court dismissing the petition. We affirm. The court properly determined that it lacked personal jurisdiction over respondent.

Petitioner relies on Family Court Act § 1036 (c), which confers jurisdiction over nonresidents and nondomiciliaries where the allegedly abused or neglected child resides or is domiciled within the State and the alleged abuse or neglect occurred within the State. Petitioner's basis for asserting that the alleged abuse or neglect occurred within the State is twofold: first, in December 1995 respondent attempted to visit her daughter in New York in accordance with an order of the Florida court, frightening the daughter because respondent was in the car with a man the daughter did not recognize and, second, the children are suffering severe emotional turmoil in New York, tantamount to neglect, from respondent's efforts to enforce Florida orders of visitation and custody. Petitioner has cited no authority in support of its argument that the

emotional consequences in New York of respondent's attempt to enforce valid Florida orders of visitation and custody constitute neglect occurring in New York. Petitioner in effect seeks a holding that a valid visitation and custody order of one State is the basis for a neglect finding in another State. We reject that argument. Such a holding would contravene the strong public policy embodied in the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a *et seq.*) and the Parental Kidnaping Prevention Act (28 USC § 1738A) to avoid conflicting determinations in interstate custody disputes and would encourage conversion of private custody disputes into child protective proceedings.

Because we conclude that the court lacked personal jurisdiction over respondent, it is unnecessary for us to address any other issues raised by petitioner. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Neglect.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.