OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs. As New York’s court of general original jurisdiction (see, NY Const, art VI, § 7; Judiciary Law § 140-b), and under the "home state” provisions of the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law § 75-a et seq.), Supreme Court ordinarily would have subject matter jurisdiction over this Florida custody decree modification proceeding, as the children have been domiciled in New York for over eight years.
In the instant case, however, the Appellate Division correctly determined that the Federal Parental Kidnapping Prevention Act (28 USC § 1738A) preempts the UCCJA, and its continuing jurisdiction provisions require Supreme Court to defer jurisdiction over this custody modification proceeding to *860 the Florida courts, which have declined to relinquish jurisdiction (see, 28 USC § 1738A [c] [1]; [d], [f]; cf., Matter of Sayeh R., 91 NY2d 306 [decided today]).
Since Supreme Court did not have subject matter jurisdiction, accordingly we need not reach any of the other issues raised by the parties below.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Order affirmed, without costs, in a memorandum.