■ MELISSA LEO, Respondent, v JOHN HEARD, JR., Appellant. [678 NYS2d 18] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about June 4, 1997, which, *inter alia*, denied defendant's motion to dismiss for lack of subject matter jurisdiction, unanimously affirmed, with costs.

We agree with the IAS Court that pursuant to the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a *et seq.*), it possessed subject matter jurisdiction to adjudicate custody of the parties' son since New York State was indisputably the "home state" of the child (*see*, Domestic Relations Law § 75-c [5]) "at the time of the commencement of the custody proceeding" (Domestic Relations Law § 75-d [1] [a]; *see also*, *Grossman v Meller*, 213 AD2d 221, 224). We also agree with the IAS Court that pursuant to the Federal Parental Kidnaping Prevention Act (28 USC § 1738A), New York State Supreme Court has, since its original custody determination, retained continuing jurisdiction to adjudicate matters pertinent to the subject child's custody (28 USC § 1738A [c] [1]; [d]; *see also*, *Matter of Mott v Patricia Ann R.*, 91 NY2d 856, 859-860), notwithstanding a relatively brief period during which the child was temporarily absent from New York (*see*, 28 USC § 1738A [b] [4]), while his custodial parent, an actress, was performing in a production being filmed in Maryland.

We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.