■ In the Matter of MICHAEL M., Respondent, v TANYA E., Appellant. [684 NYS2d 381] —Order unanimously affirmed without costs. Memorandum: Respondent mother appeals from that part of an order of Family Court that granted custody of the parties' children to petitioner father. Respondent contends that the court lacked jurisdiction to award custody of the children, whose home State is Kentucky and, in the alternative, that a change in custody is not in the best interests of the children. The two children were born in California in 1982 and 1986. In 1989 the family moved to Rochester and in 1990 petitioner left the family residence. In 1991 the court entered an order granting petitioner visitation and providing that respondent shall not permanently remove the children from Monroe County without further court order. Respondent moved to relocate with the children to California. The court entered an order granting her motion and further directing her to pay for the costs of transporting the children to Rochester for visitation. In 1992 petitioner sought to enforce that order, alleging that respondent had denied him visitation. In 1995 respondent and the children relocated to Kentucky. Several months after the relocation, petitioner again sought to enforce compliance with the visitation order, and in August 1995 the court entered an order providing that the children were not to be removed from Kentucky pending a determination of custody. Ultimately, the court did not determine custody but entered an order finding respondent in contempt for violating previous court-ordered visitation.

On December 15, 1995, respondent obtained an order of protection against petitioner in Kentucky and was granted temporary custody of the children until January 11, 1996. On December 20, 1995, respondent filed a petition for custody in Kentucky. On December 27, 1995, petitioner filed a petition, once again alleging that respondent had violated the previous visitation order. Petitioner also responded in the Kentucky custody action. In his responding papers, petitioner asserted as an affirmative defense that the custody issue had already been raised in the New York proceeding. On January 25, 1996, the

Kentucky court entered an order dismissing respondent's petition. Petitioner's counsel advised the New York court that the Kentucky court declined to exercise its jurisdiction because it believed that New York had retained jurisdiction over custody and visitation issues. The record does not contain any written decision of the Kentucky court. The New York court determined that it had retained jurisdiction.

The New York court had jurisdiction to make a custody determination pursuant to Domestic Relations Law § 75-d (1) (d), which provides jurisdiction "where either it appears that no other state would have jurisdiction under any of the three options [pursuant to Domestic Relations Law § 75 (d) (1) (a)-(c)] or, alternatively, situations in which another state has declined to exercise jurisdiction" (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 308). The record establishes that the Kentucky court declined jurisdiction, and thus the New York court properly exercised jurisdiction. The contention of respondent that Kentucky, as the home State of the children, was the proper forum for the custody determination, should have been raised on appeal in Kentucky.

We also conclude that the New York court properly retained jurisdiction over the case by virtue of its prior orders concerning visitation. The Federal Parental Kidnaping Prevention Act ([PKPA] 28 USC § 1738A), which preempts the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) by virtue of the Supremacy Clause (*see, Farrell v Farrell*, 133 AD2d 530; *see generally*, Sobie, Practice Commentaries, *op. cit.*, at 306), defines a " 'custody determination' " as "a judgment, decree, or other order of a court providing for the custody *or visitation* of a child, and includes permanent and temporary orders, and initial orders and modifications" (28 USC § 1738A [b] [3] [emphasis supplied]). The PKPA also provides that the jurisdiction of a court that has made a custody determination continues as long as certain requirements are met and the State "remains the residence of the child or of any contestant" (28 USC § 1738A [d]). Here, the New York court had rendered custody determinations in the form of various orders regarding visitation and thus the court's retention of jurisdiction is proper.

With respect to the best interests analysis, the court considered various factors, including prior incidents of violence on the part of respondent and petitioner's HIV-positive status, and determined that custody with petitioner was in the best interests of the children. That determination was undoubtedly

influenced by the fact that respondent repeatedly flouted the court's orders of visitation and prevented petitioner from having contact with his children. We see no reason to disturb that determination.

We do not reach the issue of the contempt order because respondent's notice of appeal limits the scope of the appeal to the paragraphs regarding custody, and we decline to reach any other issue in the interest of justice (*cf., McSparron v McSparron*, 87 NY2d 275, 282, *rearg dismissed* 88 NY2d 916). (Appeal from Order of Monroe County Family Court, Sciolino, J.— Custody.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.