█ In the Matter of SUSAN F. COLLUM, Formerly Known as SUSAN L. KELLEY, Respondent, v SCOTT S. KELLEY, Appellant. (Appeal No. 1.) [694 NYS2d 255] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: In appeal No. 1, we reverse the order of Family Court retaining jurisdiction in this matter. As the home State of the children, the New York court may validly exercise jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). However, the Parental Kidnaping Prevention Act (PKPA), which preempts the UCCJA under the Supremacy Clause of the United States Constitution, requires the New York court to defer to the jurisdiction of the North Carolina court. Under the PKPA, the New York court may not exercise jurisdiction to modify a North Carolina order unless the North Carolina court either no longer has jurisdiction or declines to exercise it (*see*, 28 USC § 1738A [f]).

The PKPA provides that the State that issued an order of custody continues to have jurisdiction if it has jurisdiction under its own law and if one of the contestants continues to reside in that State (*see*, 28 USC § 1738A [d]). Here, there is no dispute that respondent continues to reside in North Carolina. Moreover, under North Carolina law, "[o]nce jurisdiction of the court attaches to a child custody matter, it exists for all time until the cause is fully and completely determined" (*Matter of Baby Boy Scearce*, 81 NC App 531, 538-539, 345 SE2d 404, 409, *review denied* 318 NC 415, 349 SE2d 589; *see, Wilson v Wilson*, 121 NC App 292, 296, 465 SE2d 44, 46; *Davis v Davis*, 53 NC App 531, 281 SE2d 411). Here, the jurisdiction of the North Carolina court attached to matters of child custody when the parties decided to divorce in North Carolina and incorporate

into the judgment of divorce the child custody provisions of their separation agreement, which was, by its own terms, governed by North Carolina law. We conclude that the North Carolina court has continuing jurisdiction over this matter (*see,* NC Gen Stat § 50A-3) and, as evidenced both by correspondence between the courts and a visitation order in the record, has not declined to exercise it. Thus, the court erred in failing to defer jurisdiction to the North Carolina court under the PKPA and in failing to dismiss the New York proceeding. Therefore, we dismiss the petition in its entirety (*see, Matter of Mott v Rivazfar,* 236 AD2d 819, *affd* 91 NY2d 856; *Capobianco v Willis,* 171 AD2d 834).

Because the New York court did not have jurisdiction, it had no authority to suspend respondent's visitation in its February 1999 order. A determination regarding visitation constitutes a "custody determination" (28 USC § 1738A [b] [3]). Therefore, in appeal No. 2, the order is also reversed. (Appeal from Order of Onondaga County Family Court, Paris, J.—Custody.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.