■ In the Matter of JONATHAN OLIN, Appellant, v LIZA JOHNSTON, Respondent. (And Another Proceeding.) [704 NYS2d 888] —In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Richmond County (McElrath, J.), dated October 26, 1998, as dismissed his petition for lack of subject matter jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

Domestic Relations Law § 75-d provides in pertinent part that a court of this State has the jurisdiction to make a child custody determination when this State "is the home state of the child" (Domestic Relations Law § 75-d [1] [a] [i]). Domestic Relations Law § 75-c defines "home state" as "the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as a parent, for at least six consecutive months" (Domestic Relations Law § 75-c [5]). Contrary to the father's contention, the evidence supports the Supreme Court's determination that Florida was the child's "home state." Accordingly, the father's petition was properly dismissed for lack of subject matter jurisdiction (*see, Leo v Heard,* 253 AD2d 724; *Matter of Michael P. v Diana G.,* 156 AD2d 59).

The father's remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.