■ ELEONORA G. FRANKEL, Appellant, v JOSEPH A. SIRAVO, Respondent. [717 NYS2d 566] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about August 4, 1999, which denied plaintiff's motion to dismiss upon jurisdictional or forum non conveniens grounds defendant's application to, *inter alia*, enforce the parties' divorce judgment and hold plaintiff in contempt, and order, same court and Justice, entered March 1, 2000, which, *inter alia*, denied plaintiff's application for child support arrears, and for attorneys' fees and costs, unanimously affirmed, without costs. .

The IAS Court properly found that, pursuant to the Parental Kidnaping Prevention Act (PKPA), New York had continuing subject matter jurisdiction to adjudicate defendant's application to, *inter alia*, enforce the visitation provisions of the parties' divorce judgment (*see*, 28 USC § 1738A [c], [d]). Contrary to plaintiff's argument, the IAS Court's jurisdiction over the matter was not impaired by the circumstance that New York is no longer the child's home State, since the continuing jurisdiction provisions of the PKPA (*id.*) preempt the jurisdictional requirements set forth in New York Domestic Relations Law § 75-d, among them the requirement that custody modification or enforcement proceedings necessarily be initiated in the child's home State (*see, Matter of Mott v Patricia Ann R.*, 91 NY2d 856, 859; *see also, Matter of Irwin v Schmidt*, 236 AD2d 401, 402, *lv denied* 89 NY2d 815).

Plaintiff's claim that personal jurisdiction was not obtained over her in connection with defendant's custody enforcement application has been waived in view of her general appearance in the matter and her failure to raise her jurisdictional objections in a motion or her answer pursuant to CPLR 3211 (e) (CPLR 320 [b]). Further, the IAS Court appropriately declined to relinquish jurisdiction to New Jersey on forum non conveniens grounds. An analysis of the factors set forth in Domestic Relations Law § 75-h (3) confirms that keeping the custody proceeding in New York was in the child's best interests.

Plaintiff's claim in her application for child support arrears, that the parties' separation agreement, incorporated but not merged into their divorce judgment, must be read to require defendant to pay an additional $35 per week each year, is fatally undermined by her acceptance for seven and one-half years, without protest, of the fixed base sum of $35 per week, which sum has been augmented over the years pursuant to the separation agreement only by reason of increases in the cost of living.

Plaintiff's claim that the child support provisions of the parties' separation agreement are invalid because they do not comply with the requirements of the Child Support Standards Act ([CSSA] Domestic Relations Law § 240), is without merit, because the agreement was executed prior to the effective date of Domestic Relations Law § 240 (1-b) (g). The agreement's statement, that the parties had been advised respecting the CSSA by their counsel, satisfied the requirements of the law as it then existed.

Finally, the IAS Court properly declined to award plaintiff attorneys' fees and costs pursuant to Domestic Relations Law § 238.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.