■ In the Matter of RENEE WOLDE-TINSAYE, Appellant, v ANTHONY McGEE, Respondent. [732 NYS2d 297] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this proceeding seeking custody of her two children, who were residing in Georgia with respondent, her brother. Family Court properly granted respondent's motion to dismiss the petition on the ground that the court lacks subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law art 5-A) and the Parental Kidnaping Prevention Act (PKPA) (28 USC § 1738A). At the time the proceeding was commenced, the children had resided

with respondent in Georgia for more than six consecutive months. Thus, Georgia is the "home state" of the children under both the UCCJA (*see,* Domestic Relations Law § 75-c [5]) and the PKPA (28 USC § 1738A [b] [4]), and New York therefore cannot assume jurisdiction of the proceeding pursuant to Domestic Relations Law § 75-b (1) (b) (*see, Matter of Hahn v Rychling,* 258 AD2d 832, 834-835, *lv dismissed* 93 NY2d 954). Furthermore, Family Court does not have continuing jurisdiction under the PKPA to make a child custody determination with respect to petitioner's son based upon its 1998 order granting custody of the son to respondent because Family Court no longer has jurisdiction to make a custody determination under the UCCJA (*see,* 28 USC § 1738A [c] [1]; [d]; *Matter of Steele v Neeman,* 280 AD2d 108, 114-115). (Appeal from Order of Erie County Family Court, Dillon, J.—Custody.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.