■ In the Matter of WILLIAM FRENCH, JR., Respondent-Appellant, v CHERLYN R. FRENCH, Petitioner-Respondent. [743 NYS2d 359] —Appeal from an order of Family Court, Cattaraugus County (Kelly, J.H.O.), entered January 5, 2001, which denied the motion of petitioner-respondent to dismiss the petition of respondent-petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Family Court erred in denying the motion of petitioner-respondent (father) seeking to dismiss the petition of respondent-petitioner (mother) to modify the father's visitation schedule established by the parties' judgment of divorce issued in Alabama. Although New York is the home state of the parties' child pursuant to the Uniform Child Custody Jurisdiction Act (*see* Domestic Relations Law former. § 75-c [5]; former § 75-d [1] [a] [i]) and the Federal Parental Kidnaping Prevention Act (*see* 28 USC § 1738A [b] [4]), Family Court had jurisdiction to decide the petition only if it appeared to the court that the Alabama court that issued the judgment of divorce "does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with [Domestic Relations Law former article 5-A] or has declined to assume jurisdiction to modify the decree" (former § 75-o [1]). Here, however, the Alabama court has continued to exercise jurisdiction and the father was residing there at the time of the mother's petition; thus, New York was not the proper forum for the mother's petition (*see Matter of Reis v Zimmer*, 263 AD2d 136, 144-146, *amended* 270 AD2d 968; *Matter of Collum v Kelley*, 262 AD2d 1057, *lv denied* 93 NY2d 819; *Matter of Hahn v Rychling*, 258 AD2d 832, *lv dismissed* 93 NY2d 954). We further conclude that the court erred in invoking its emergency jurisdiction to protect the child pursuant to Domestic Relations Law former § 75-d (1) (c) (ii) based on the mother's unsubstantiated allegations that the child's young age of three and lack of relationship with the father, coupled with the mother's fear that the father would not return the child, warranted the exercise of that emergency jurisdiction (*see Matter of Tenenbaum v Sprecher*, 133 AD2d 371, 373; *see also Matter of Mitchell v Mitchell*, 117 Misc 2d 426, 430-431). We therefore reverse the order, grant the father's motion and dismiss the petition. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.