■ In the Matter of MARK BRILLHART, Respondent, v DEBORAH D'ANDREAMATTEO, Appellant. [744 NYS2d 624] —Appeal from an order of Family Court, Niagara County (Batt, J.), entered February 5, 2002, which denied respondent's cross motion to dismiss the petition for lack of subject matter jurisdiction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the petition is dismissed.

Memorandum: Respondent contends that Family Court lacks

subject matter jurisdiction over this contempt proceeding in which petitioner alleges that respondent violated the court's 1998 visitation order. Initially, we note that the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A) does not apply here because the contempt petition was filed prior to April 28, 2002 (*see* L 2001, ch 386, § 2). We agree with respondent that, under the Uniform Child Custody Jurisdiction Act ([UCCJA] Domestic Relations Law former art 5-A), in effect when the contempt petition was filed, the court lacked jurisdiction over this contempt proceeding. The parties' child has resided with respondent in Florida since December 1998, and thus Florida is the home state of the child (*see* former § 75-c [5]). Contrary to petitioner's contention, the court could not exercise jurisdiction pursuant to Domestic Relations Law former § 75-d (1) (b). That section provides that a New York court may exercise jurisdiction if it is in the best interests of the child to do so because, inter alia, "the child and his parents, or the child and at least one contestant, have a significant connection with this state" (former § 75-d [1] [b] [i]). The exercise of jurisdiction under that subdivision, however, must also be undertaken in accordance with the Parental Kidnaping Prevention Act ([PKPA] 28 USC § 1738A), which preempts provisions of the UCCJA that are inconsistent with the PKPA (*see Matter of Mott v Patricia Ann R.*, 91 NY2d 856, 859-860; *Matter of Steele v Neeman*, 280 AD2d 108, 113; *Matter of Reis v Zimmer*, 263 AD2d 136, 143-144, *amended* 270 AD2d 968). Pursuant to the PKPA, jurisdiction based on the best interests of the child may be exercised only when no other state would have home state jurisdiction (*see* 28 USC § 1738A [c] [2] [B] [i]; *Matter of Hahn v Rychling*, 258 AD2d 832, 834-835, *lv dismissed* 93 NY2d 954). Thus, because Florida has home state jurisdiction, there is no basis for the exercise of jurisdiction in New York under Domestic Relations Law former § 75-d (1) (b).

Further, the court does not have jurisdiction under the continuing jurisdiction provision of the PKPA. Pursuant to that provision, "[t]he jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant" (28 USC § 1738A [d]). The "requirement of subsection (c) (1)" referred to therein is that "such court has jurisdiction under the law of such State." Because Florida is the child's home state, New York does not have jurisdiction under the UCCJA and thus lacks continuing jurisdiction under the

PKPA (*cf. Steele*, 280 AD2d at 114-115). Petitioner further contends that the court retained subject matter jurisdiction by the express terms of its 1998 visitation order. However, subject matter jurisdiction is bestowed by statute and constitution only (*see* Siegel, NY Prac § 8, at 9-10 [3d ed]).

Finally, we note that, although Family Court may exercise jurisdiction if the Florida court declines to do so (*see* Domestic Relations Law former § 75-d [1] [d] [i]; *Chaddick v Monopoli*, 714 So 2d 1007, 1010 [Fla]), it does not appear from the record before us that the Florida court has declined to exercise jurisdiction. Thus, the court erred in denying respondent's cross motion to dismiss the contempt petition for lack of subject matter jurisdiction. Present—Green, J.P., Hayes, Wisner, Burns and Lawton, JJ.