■ In the Matter of DOREEN M. ZIELINSKI, Appellant, v JOANN C. WAYMAN et al., Respondents. [752 NYS2d 447] —Kane, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 13, 2001, which, in a proceeding pursuant to Family Ct Act article 6, granted respondents' motion to dismiss the violation petition.

In August 1999, petitioner's three children relocated with their paternal grandparents, respondents Joann C. Wayman and Stephen I. Wayman, Sr., to North Carolina with the approval of Family Court. The children have resided with their grandparents for approximately eight years. In May 2001, the court entered an order, upon the parties' stipulation, which continued custody in the grandparents with the children residing in North Carolina. Shortly thereafter, in August 2001, petitioner, a resident of New York, filed a petition alleging that the grandparents and the children's father, respondent Joseph M. Flint, Sr., violated the visitation provisions of the order. Respondents moved to dismiss the petition challenging Family Court's jurisdiction over the matter. While the court found that it retained jurisdiction under the Parental Kidnaping Prevention Act (28 USC § 1738A), it determined that the jurisdictional grant was not mandatory and that North Carolina was a more convenient forum for any further litigation concerning custody and visitation. The court therefore dismissed the petition, and petitioner appeals.

Family Court's determination, although contrary to this Court's holding in *Matter of Hahn v Rychling* (258 AD2d 832, 833-835, *lv dismissed* 93 NY2d 954), is not in error. This case affords this Court the opportunity to revisit its holding in *Mat-

*ter of Hahn* and to reexamine the relationship of 28 USC § 1738A (d) with Domestic Relations Law former § 75-d (1) (b).[1]

The Parental Kidnaping Prevention Act was enacted "to 'extend the requirements of the Full Faith and Credit Clause to custody determinations' and thereby give stability and finality to custody decrees and minimize jurisdictional competition between States" (*Matter of Steele v Neeman*, 280 AD2d 108, 112-113, quoting *Thompson v Thompson*, 484 US 174, 183). Specifically, 28 USC § 1738A (d), which addresses the circumstance, such as here, where a state has previously made a child custody determination, provides as follows: "The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant."[2]

Since Family Court had previously made a child custody determination and petitioner is still a resident of New York, 28 USC § 1738A (c) (1) commands us to examine whether Family Court has jurisdiction under the laws of New York. Domestic Relations Law former § 75-d was the controlling New York statute for determinations of jurisdiction in interstate custody cases. The pertinent section of this statute reads as follows: "1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when: * * * (b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships" (Domestic Relations Law former § 75-d [1] [b]). It was therefore permissible under both federal and state statutes for a New York court to exercise jurisdiction in a child custody determination where a court of this state has previously made a child custody determination, New York remains the residence of the child or of any contestant, and it is in the best interest of the child that

1. In 1977, New York enacted the Uniform Child Custody Jurisdiction Act as Domestic Relations Law article 5-A (L 1977, ch 493, § 1). Article 5-A was amended effective April 28, 2002 (L 2001, ch 386).

2. 28 USC § 1738A (c) (1) provides that "[a] child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if—(1) such court has jurisdiction under the law of such State."

a court of this state assume jurisdiction consistent with the requirements of Domestic Relations Law former § 75-d (1) (b).

Under these circumstances, it is not necessary for New York to be the child's "home state" nor is New York deprived of jurisdiction if another state is the child's "home state." This reasoning was adopted by this Court prior to *Matter of Hahn v Rychling* (258 AD2d 832, *supra*) (*see Matter of Noguera v Noguera*, 129 AD2d 906, 908-909), and has been adopted by other courts in this state (*see Matter of Mott v Patricia Ann R.*, 91 NY2d 856, 859; *Matter of French v French*, 295 AD2d 995, 996; *Frankel v Siravo*, 278 AD2d 66, 67; *Matter of Irwin v Schmidt*, 236 AD2d 401, 402, *lv denied* 89 NY2d 815; *Clark v Boreanaz*, 159 AD2d 981; *Matter of Heitler v Hoosin*, 143 AD2d 1018, 1019). We now hold that a court in New York may exercise jurisdiction when New York has made a prior custody determination and the requirements of 28 USC § 1738A (d) and Domestic Relations Law former § 75-d (1) (b) have been met.

Given the length of time that the children have resided with their grandparents in North Carolina, this Court is satisfied that Family Court properly exercised its discretion under Domestic Relations Law former § 75-h (3) and declined to exercise jurisdiction, finding North Carolina to be the more appropriate forum for determinations with respect to custody, visitation and violations of any existing orders.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

