■ In the Matter of RICHARD M. WEYANT, Appellant, v MAUREEN D. BARNETT, Respondent. [756 NYS2d 322] —Rose, J. Appeal from an order of the Family Court of Broome County (Madigan, Jr., J.), entered August 7, 2001, which, in a proceeding pursuant to Family Ct Act article 6, transferred jurisdiction of the matter to North Carolina.

By orders issued in 1994, Family Court granted respondent sole custody of the parties' two minor children, born in 1990 and 1993, and later permitted her to relocate with them to North Carolina, where they have resided since December 1994. In 1997, following the parties' divorce, Family Court granted petitioner visitation with the children during summers and some holidays. The order also stated that the court would "continue to exercise jurisdiction over all issues of custody and visitation with regard to these parties and these children."

In June 2001, while the children were visiting petitioner in New York, petitioner commenced this proceeding seeking modification of the 1994 custody order, alleging, upon information and belief, that respondent's stepson had threatened the children's safety. Within three weeks, respondent applied to a court in North Carolina for recognition of her custodial rights and adjudication of any issue regarding the children. To prevent the children's return to North Carolina at the end of

the visitation, petitioner moved in Family Court for an order expressly retaining jurisdiction of his petition. Family Court rejected each of petitioner's contentions, effectively concluding that it did not have jurisdiction, and, therefore, transferred the matter to the North Carolina court. Petitioner now appeals, contending that Family Court's order was an abuse of its discretion because the court had both continuing and emergency jurisdiction under the Parental Kidnaping Prevention Act (28 USC § 1738A) and the Uniform Child Custody Jurisdiction Act (Domestic Relations Law former art 5-a) (hereinafter UCCJA).*

Where Family Court has previously made a child custody determination, as it has here, and one of the parties is still a resident of New York, Family Court's jurisdiction continues only so long as it has jurisdiction under New York's own law (see 28 USC § 1738A [c], [d]; Matter of Kratz v Olsen, 290 AD2d 689, 690 n 2; Matter of Noguera v Noguera, 129 AD2d 906, 908). Although North Carolina is the children's "home state" under the circumstances presented here (see Matter of Hahn v Rychling, 258 AD2d 832, 834, lv dismissed 93 NY2d 954), this fact alone did not deprive Family Court of jurisdiction (see Matter of Zielinski v Wayman, 300 AD2d 945, 947). Domestic Relations Law former § 75-d (1) (b) provides that a New York court has jurisdiction to determine child custody when "[i]t is in the best interest of the child that a court of this state assume jurisdiction because * * * (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Family Court found that substantial evidence concerning the children's care, protection, training and relationships does not exist in New York, and that petitioner's allegations of emergency are insufficient. Given that the children had resided with their mother in North Carolina for more than six years, that the events which allegedly endangered the children occurred in North Carolina, and that the existence of an immediate and significant threat to the children's safety was unsubstantiated (see Matter of D'Addio v Marx, 288 AD2d 218, 219), we conclude that there is a sound basis in the record for Family Court's findings. In the absence of jurisdiction, however, the court should have dismissed, rather than transferred, the proceeding (see e.g. Matter of Brillhart v D'Andreamatteo, 296 AD2d 869, 871).

* As petitioner concedes, although the UCCJA was repealed and replaced by the Uniform Child Custody Jurisdiction and Enforcement Act (L 2001, ch 386, eff Apr. 28, 2002), the provisions of the UCCJA are controlling in this proceeding.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, and petition dismissed.