Matter of William C. v Zaida T. (2005 NY Slip Op 51996(U))

[*1]

Matter of William C. v Zaida T.

2005 NY Slip Op 51996(U)

Decided on December 8, 2005

Family Court, Queens County

Friedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 8, 2005

Family Court, Queens County
In the Matter of a Proceeding for Custody under article 6 of the Family Court Act WILLIAM C., Petitioner,
against
ZAIDA T., Respondent.
V-21131/05

Rhea G. Friedman, J.
By proposed order to show cause submitted on November 25, 2005, petitioner, William
C., seeks an order awarding him custody of his daughter, Katialis C. (born September11, 1990).[FN1]
Petitioner's attorney appeared before the Court and upon inquiry by the Court, it was
discovered that there had been recent proceedings concerning custody of the subject child in
another court. At that point, petitioner's attorney produced a copy of a judgment entered by the
Superior Court of the Commonwealth of Puerto Rico in and for the City of Arecibo (Myrta M.
Montes Villalobos, J.), dated September 27, 2005, which awards custody of the subject child to
her maternal grandmother, Zaida T. Upon review of the judgment of the Superior Court this
Court concluded that was unable to entertain Mr. C.'s application for custody of his daughter
[*2]
and the proposed order to show cause was dismissed with prejudice.
A review of the September 27, 2005 decision and order ("Sentencia") of Superior Court
Judge Myrta M. Montes Villalobos ("Judge Villalobos") reflects that in August of 2004, the
child's maternal grandmother, Zaida T., filed a petition (demand) against William C. in the
Superior Court of Puerto Rico seeking custody of her granddaughter. Ms. T. and Mr. C.
personally appeared before the Superior Court and both were represented by counsel in the
proceedings before the Court. Judge Villalobos found that the child, Katialis C. was born out-
of-wedlock in Queens County, New York on September 11, 1990 to Betzaida C. and William C.
and that the child resided with her mother and the mother's husband in the home of the maternal
grandmother in Puerto Rico beginning in 1995 because both the mother and her husband were
afflicted with terminal illnesses. Betzaida C. passed away on September 12, 1996 and Katialis
remained in her grandmother's care in Puerto Rico from that date until the present time.

According to the decision of Judge Villalobos, the child, who was 14 years old at the time
of the proceedings, has resided with her grandmother in Puerto Rico "practically since birth" and
the grandmother and her husband assumed full responsibility for the care of Katialis after the
death of her mother in 1996. In addition, the child considers her grandmother and her husband to
be her parents and she expressed a desire to continue living with her grandmother. The Superior
Court further found that during the time that the child has resided in Puerto Rico, that is, 1995
through 2005, her contact with her biological father, Mr. C., has been "minimal" and there was
apparently no contact between Katialis and Mr. C. between 1996 and 2000 when Katialis was
brought for a ten day visit to New York by the grandmother at the request of the father. Aside
from the contact in New York City in 2000, Mr. C.'s interaction with Katialis has been limited
[*3]
to telephone calls she made to him every two or three months. The Superior Court's decision reflects that a social study concerning the parties (including information concerning the husband
of the grandmother and the mother of Mr. C.) was submitted by the Social Division of the Office
of Family Relations of the Court and that the parties and child were psychologically evaluated
and a report and a supplemental report of the evaluations were submitted to Judge Villalobos in
August 2003 and February 2005. Moreover, the decision reflects that Judge Villalobos conducted
an in camera interview of the child.
Based upon the record before her and for the reasons set forth in her September 29, 2005
decision, Judge Villalobos determined that the best interests of the child were served by
continuing custody with the maternal grandmother, and the Court awarded custody of Katialis
to Ms. T. The Court further directed that there be unlimited communication between Katialis and
her father and that visitation between the child and Mr. C. be arranged by the parties.
Preliminarily, this Court finds that the September 29, 2005 decision and order of the
Superior Court of Puerto Rico is a facially valid final order which resulted from proceedings in
which both parties appeared and participated with the assistance of counsel. Thus, the order
must be afforded full faith and credit by this Court (US Const., Art. IV, §1; 28 USC §1738
[full faith and credit for state and territorial statutes and judicial proceedings]).[FN2] In addition to the
full faith and credit due to the order of the Superior Court under the Full Faith and Credit Clause
and its implementing statute (28 USC §1738), the federal Parental Kidnaping Prevention Act (28
[*4]
USC §1738A), "which is an addendum to the full faith and credit statute" (Thompson v.
Thompson, 484 US 174, 183 [1980]), precludes this Court from entertaining the father's
application which seeks modification of the Superior Court's order.[FN3]
Although child custody determinations were historically not deemed to be entitled to full
faith and credit because the a decree or order awarding custody was subject to potential modific-
cation by the courts in the issuing jurisdiction and was therefore not a "final" order (e.g., People
ex rel. Halvey v. Halvey, 330 US 610, 614-615 [1947]), in 1980 Congress enacted the Parental
Kidnaping Prevention Act ("PKPA") which is intended to "avoid jurisdictional competition and
conflict between State courts" (Thompson v. Thompson, at 178; see, Matter of Hahn v. Rychling,
258 AD2d 832, 833, lv. dismissed 93 NY2d 954; Matter of Steele v. Neeman, 280 AD2d 108,
113; Matter of Zielinski v. Wayman, 300 AD2d 945, 946, lv. denied 99 NY2d 509), and which
"imposes a duty on the States to enforce a child custody determination entered by a court of a
sister State if the determination is consistent with the provisions of the Act" (Thompson v.
Thompson, at 175-176 ).[FN4] 
[*5]
Accordingly, the September 29, 2005 custody determination of the Superior Court of
Puerto Rico must be afforded full faith and credit under the Constitution and PKPA, as well as
parallel provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic
Relations Law §77-l). Moreover, since the courts of Puerto Rico appear to have continuing
exclusive jurisdiction to enforce or modify the custody order (28 USC §1738A [c] [1]; [d], [f];
Domestic Relations Law §§76-a; 76-b; see, Matter of Mott v. Patricia Ann R., 91 NY2d 856,
859-860), this Court concludes that this is not a proper case for the issuance of the proposed
order to show cause (Civil Practice Law and Rules §2214 [d]; Cottone v. Cottone, 197 AD2d
938, 939; Mallory v. Mallory, 113 Misc 2d 912; see, Weinstein-Korn-Miller, NY Civ Prac [2d
ed.], vol. 4, ¶2214.04 at 22-87), and it is dismissed with prejudice.[FN5]
This constitutes the order of the Court.
Notify counsel for petitioner.
E N T E R:
___________________________________
RHEA G. FRIEDMAN
Judge of the Family Court
Dated: Jamaica, New York
[*6] December 8, 2005

Footnotes

Footnote 1:Family Court Act §651 provides, in relevant part, that "the family court has jurisdiction to determine . . . habeas corpus proceedings and proceedings brought by petition and order to
show cause, for the determination of the custody or visitation of minors" (Fam. Ct. Act
§651 [c]). 

Footnote 2:The Full Faith and Credit Clause of the United States Constitution reads as follows:
"Full Faith And Credit shall be given in each State to the public Acts, Records, and judicial
Proceedings of every other State; And the Congress may by general Laws prescribe the Manner
in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Footnote 3:Petitioner's argument that his rights to custody and visitation of the child should be
decided in accordance with a seven year old oral agreement between himself and the grandmother, rather than pursuant to the terms of the Superior Court's order, is entirely without
merit. While courts will generally enforce stipulations of settlement entered in open court as a matter of public policy (see, Denberg v. Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383; Citibank, N.A. v. Rathjen, 202 AD2d 235, lv. dismissed 84 NY2d 850), extrajudicial agreements which concern the custody and visitation of minors are not binding on a court (Goodman v. Goodman, 228 AD2d 388).

Footnote 4:While petitioner does not claim that the order of the Superior Court is inconsistent with the provisions of the PKPA, this Court notes that the PKPA provides, in pertinent part, that a
child custody determination of a State court is consistent with the Act where the court has
jurisdiction to render a custody determination under the law of the state and the state is the
home state of the child on the date that the custody proceeding was commenced (28 USC
§1738A [c] [1]).

Footnote 5: While "an unexecuted order to show cause is of no legal effect" (Matter of Fry v. Village of Tarrytown, 89 NY2d 717, 717), the Court has entered an order dismissing the proposed order to show cause with prejudice to prevent the possibility that it might be
resubmitted to a different judge.